**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CASE NO.** ___1:23CV-15-GNS___

| | |
|---|---|
| **LLOYD FIELDS** )<br>)<br> *Plaintiff* )<br>)<br>**v.** )<br>)<br>**JERE DEE HOPSON, Simpson County Sheriff,** )<br>**in his Individual and Official Capacities** )<br>    <u>Serve</u>**: Jere Dee Hopson** )<br>        **Simpson County Sheriff's Office** )<br>        **P.O. Box 268** )<br>        **Franklin, KY 42135--0268** )<br>)<br>**-and-** )<br>)<br>**BRAD HARPER, Simpson County Deputy Sheriff** )<br>**in his Individual and Official Capacities** )<br>    <u>Serve</u>**: Brad Harper** )<br>        **Simpson County Sheriff's Office** )<br>        **P.O. Box 268** )<br>        **Franklin, KY 42135--0268** )<br>)<br>**-and-** )<br>)<br>**STEPHEN BURKE, Simpson County Deputy Sheriff** )<br>**in his Individual and Official Capacities** )<br>    <u>Serve</u>**: Stephen Burke** )<br>        **Simpson County Sheriff's Office** )<br>        **P.O. Box 268** )<br>        **Franklin, KY 42135--0268** )<br>)<br>**-and-** )<br>)<br>**SETH STEWART, Franklin Police Detective** )<br>**in his Individual and Official Capacities** )<br>    <u>Serve</u>**: Seth Stewart** )<br>        **Franklin Police Department** )<br>        **100 S. Court Street** )<br>        **Franklin, KY 42134** )<br>)<br>**-and-** )<br>) | **COMPLAINT**<br>*"Electronically Filed"* |

| | |
|---|---|
| **STEPHEN CHAPPELL, Simpson County Deputy** | ) |
| **Sheriff in his Individual and Official Capacities** | ) |
|     <u>**Serve**</u>**: Stephen Chappell** | ) |
|        **Simpson County Sheriff's Office** | ) |
|        **P.O. Box 268** | ) |
|        **Franklin, KY 42135--0268** | ) |
| | ) |
| **-and-** | ) |
| | ) |
| **WYATT HARPER, Simpson County Deputy Sheriff** | ) |
| **in his Individual and Official Capacities** | ) |
|     <u>**Serve**</u>**: Wyatt Harper** | ) |
|        **Simpson County Sheriff's Office** | ) |
|        **P.O. Box 268** | ) |
|        **Franklin, KY 42135--0268** | ) |
| | ) |
| **-and-** | ) |
| | ) |
| **UNKNOWN INDIVIDUAL LAW ENFORCEMENT** | ) |
| **OFFICER, in his Individual and Official Capacities** | ) |
|     <u>**Serve**</u>**: Jere Dee Hopson** | ) |
|        **P.O. Box 268** | ) |
|        **Franklin, KY 42135--0268** | ) |
| | ) |
|        *Defendants* | ) |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes now the Plaintiff, Lloyd Fields, by counsel, and for his Complaint against the Defendants, state and allege as follows:

## <u>JURISDICTION</u>

1.     That this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 over the § 1983 claims pursued herein.

2.     That this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims herein that that are so related to the claim or claims that form the basis of the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      That venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      That Plaintiff, Lloyd Fields, is, and at all times relevant hereto has been, a citizen and resident of Russellville, Logan County, Kentucky.

5.      That at all times material hereto, Defendant, Jere Dee Hopson, was employed as the Sheriff of Simpson County, Kentucky, whose office and principal place of business is 203 East Kentucky Avenue, Franklin, KY 42134.  Jere Dee Hopson is sued in his individual and official capacities.

6.      That at all times material hereto, Defendants, Brad Harper, Stephen Burke, Stephen Chappell, and Wyatt Harper, were employed as a Deputy Sheriffs in the Simpson County, Kentucky Sheriff's Office, whose office and principal place of business is 203 East Kentucky Avenue, Franklin, KY 42134.  These Defendants are sued in their individual and official capacities.

7.      That at all times material hereto, Defendant, Seth Stewart, was employed as a detective in the Franklin, Kentucky Police Department, whose office and principal place of business is 100 S. Court Street, Franklin, KY 42134.  This Defendant is sued in his individual and official capacities.

8.      That at all times material hereto, one of Defendants, Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, or Unknown Individual Law Enforcement Officer, was an individual employed as a law enforcement officer and was acting within the course and scope of his employment on February 1, 2022 when he elected to shoot Lloyd Fields in the head. Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer are sued in their individual and

official capacities. Plaintiff has been unable to confirm the identity of the individual law enforcement officer who shot Lloyd Fields in the head on February 1, 2022 through investigation to date. The February 1, 2022 shooting of Lloyd Fields was investigated by the Tennessee Bureau of Investigations which has refused to provide any information relative to the shooting. The law enforcement agencies believed to be involved in the shooting of Lloyd Fields have likewise refused to provide any information relative to the shooting. Plaintiff requires discovery to confirm the true identity of the law enforcement officer who shot Lloyd Fields based on the active concealment of this individual's identity by the respective law enforcement agencies involved in the shooting which includes the Simpson County Sheriff's Office, the South Central Kentucky Drug Task Force, and the Tennessee Bureau of Investigation.

9.      That at all times material hereto, Defendants were acting in the course and scope of their employment as law enforcement officers with their respective law enforcement agencies. Defendants were responsible for the establishment of policies, either formally or by custom, regarding employment, training, retention, supervision and conduct of one of Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, or Unknown Individual Law Enforcement Officer, and, additionally, was responsible for the employment, training, retention, supervision and conduct of one of Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer.

10.     That Defendant, Simpson County Sheriff Jere Dee Hopson, is vicariously liable for the tortious acts and omissions of Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, and Unknown Individual Law Enforcement Officer pursuant to KRS 70.040 and *Jones v. Cross*, 260 S.W.3d 343 (Ky. 2008).

## **FACTS**

11.     That Lloyd Fields, a 37-year-old male, was shot in the head by one of Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, or Unknown Individual Law Enforcement Officer on February 1, 2022 after the vehicle in which he was a passenger wrecked following a 4-minute police pursuit through Simpson County, Kentucky and into Portland, Tennessee.  At the time of the shooting, Lloyd was seated in the passenger seat of a stopped and disabled vehicle with his seatbelt in place and was unarmed.

12.     On February 1, 2022 at approximately 7:34pm, Lloyd Fields was riding in the passenger seat of a 2017 GMC Acadia driven by Halbert Warden and traveling along I-65 North when the vehicle exited the highway on Exit 2 in Simpson County, Kentucky and proceeded north on 31-W.

13.     On February 1, 2022 at approximately 7:34pm, Defendants Stephen Burke and Seth Stewart were driving in a Dodge Charger marked as part of the South Central Kentucky Drug Task Force when they pulled behind the 2017 GMC Acadia on 31-W and activated their vehicle's emergency lights and sirens to perform a traffic stop.  Halbert Warden, the driver of the 2017 GMC Acadia, began fleeing from Defendants Stephen Burke and Seth Stewart.

14.     For the next four minutes, from approximately 7:34pm to 7:38pm, a high-speed pursuit occurred between (1) the 2017 GMC Acadia being driven by Halbert Warden and occupied by Lloyd Fields in the front passenger seat, (2) the Dodge Charger being driven and/or occupied by Defendants Stephen Burke and Seth Stewart, and (3) a third vehicle driven by Simpson County Deputy Sheriff Brad Harper and/or Wyatt Harper.  The vehicles involved in the pursuit traveled southbound on 31-W towards the Kentucky and Tennessee border.

15.     At approximately 7:38pm, the 2017 GMC Acadia crashed off Payne Road in Portland, Tennessee with the passenger side door wedged against a grain silo.  The 2017 GMC Acadia was disabled with multiple law enforcement vehicles surrounding it with lights and sirens activated.  Attached hereto as Exhibit A are photographs taken by news outlets the night of February 1, 2022 depicting the scene of the accident.

a.     At this time, at approximately 7:38pm, it was dark outside and the front-passenger and front-driver windows of the 2017 GMC Acadia were rowed up with dark window tint and deployed side airbags which obstructed the view through the windows.

b.     At this time, immediately after the wreck at approximately 7:38pm, multiple law enforcement officers approached the vehicle while pointing flash lights at Lloyd Fields and Halbert Warden and screaming commands to show their hands.

c.     At this time, Lloyd Fields remained seated in the passenger seat of the disabled 2017 GMC Acadia with his seatbelt in place.

d.      At this time, Lloyd Fields complied with the law enforcement officers commands to show his hands by slowly moving his hands towards the front window of the vehicle while advising law enforcement that he was complying with commands to have his hands up.

f.     Thereafter, one of Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, or Unknown Individual Law Enforcement Officer fired a single shot which traveled through the driver-side window and struck Lloyd Fields in the left side of his head.

16.     One of Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer, after shooting Lloyd Fields in

the head in the darkness of night through the dark-tinted driver-side window obstructed by an airbag, physically removed Lloyd Fields from the vehicle.  Lloyd Fields asked why he was shot, and either Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, or Unknown Individual Law Enforcement Officer responded that he could not see Lloyd Field's hands.   That Lloyd Fields had no weapons on his person or inside the vehicle.

17.     At approximately 7:57pm, dispatch was advised that "bleeding from left side of head, round fire by police. Providing first aide. No TN law enforcement units and medics on scene. Controlling bleeding at this time. U/SC106."

18.     At approximately 8:15pm, EMS arrived on scene and transported Lloyd Fields to Tristar Skyline Hospital in Nashville, Tennessee where he underwent multiple surgeries during an extended battle with life and death.  Miraculously, Lloyd Fields survived the shooting.  Lloyd Fields is now permanently disfigured from the shooting, has and will continue to experience significant pain, and faces a horizon that includes lifelong medical treatment.

19.     One of Defendants Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, or Unknown Individual Law Enforcement Officer's actions and inactions, including but not limited to shooting Lloyd Fields in the head, were intentional, were arbitrary actions intentionally designed to punish Lloyd Fields, were negligent and grossly negligent, were objectively unreasonable, were deliberately indifferent, represented a callous disregard for the risk of injury, and were an arbitrary exercise of power that shocks the conscience and/or indicates an intent to injure.  One of these Defendants (whomever elected to shoot Lloyd Fields in the head under the circumstances described herein) should not have been in his position as a law enforcement officer where he could come into contact with civilians such as Lloyd Fields.

20.     Sheriff Jere Dee Hopson's actions and inactions, including but not limited to failing to enforce the Simpson County Sheriff Department's written policies regarding the use of force/firearms, failing to follow the written policies regards the use of force/firearms, customs, practices, and Kentucky law regarding the same, failing to train his deputies, Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, and Unknown Individual Law Enforcement Officer, about the written use of force policy and firearms policy, failing to monitor his deputies, and keeping Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, or Unknown Individual Law Enforcement Officer as a deputy when he knew or should have known he was unqualified, unfit, and a danger to himself and others in the community were intentional, were arbitrary actions intentionally designed to punish Lloyd Fields, were objectively unreasonable, were deliberately indifferent, negligent and grossly negligent, represented a callous disregard for the risk of injury, and were an arbitrary exercise of power that shocks the conscience and/or indicates an intent to injure.

**COUNT I**
**(42 USC §1983 – Excessive Force Under the 4th Amendment against Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer in his Individual Capacity**

21.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

22.     These Defendants were acting under color of state law in engaging in the conduct described herein, and the conduct amounts to the unconstitutional deprivation of Lloyd Field's constitutional rights to be free from unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution.

23.     Plaintiff, Lloyd Fields, posed no immediate threat of serious physical harm or death to the officers or others, and was not actively resisting arrest or attempting to evade arrest by flight.

24.      These Defendants' conduct in firing a bullet in the head of a non-threatening, seated, and unarmed civilian under the circumstances described above violated the Fourth Amendment.  These Defendants are liable in their individual capacity for their conduct and use of unnecessary and unwarranted deadly force upon Lloyd Fields that was objectively unreasonable, was intentional, reckless, deliberate, deliberately indifferent, wanton and/or malicious, and was indicative of his total and reckless disregard of and indifference toward the life of Lloyd Fields.

25.     That as a direct and proximate result of the aforementioned conduct, these Defendants are liable for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

## COUNT II
### (42 USC §1983 – Substantive Due Process Under the 14th Amendment against Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer in his Individual Capacity

26.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

27.     These Defendants were acting under color of state law in engaging in the conduct described herein, and their conduct amounts to the unconstitutional deprivation of Lloyd Fields' constitutional rights to not be deprived of his life and liberty without due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

28.     These Defendants' conduct in firing a bullet in the head of a non-threatening, seated, and unarmed civilian under the circumstances described above violated the 14th Amendment substantive due process provision. These Defendants intended to worsen Lloyd Fields' plight, had a purpose to cause harm unrelated to any law enforcement purposes, and intended to punish Lloyd Fields. These Defendants' conduct was arbitrary in the constitutional sense, was conscience shocking, and exhibited a callous disregard for the risk of injury to the point that it indicated an intent to injure.

29.     That as a direct and proximate result of the aforementioned conduct, these Defendants are liable for all damages sustained by Plaintiffs including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT III
**(State Law Negligence/Negligence Per Se/Gross Negligence/KRS 446.070/Battery against Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer in his Individual and Official Capacities)**

30.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

31.     That pursuant to existing Kentucky common law including, but not limited to, *Destock v. Logsdon*, Ky., 993 S.W.2d 952 (1999), and *Grayson Fraternal Order of Eagles v Claywell*, Ky. 736 S.W.2d 328 (1987) *"the rule is that every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury"* and *"this is an old rule, and a good one."* These Defendants breached their duties to Lloyd Fields, as described throughout this Complaint, by firing a bullet in the head of a non-threatening, seated, and unarmed civilian under the circumstances described above.

32.     These Defendants' duties were specifically and unambiguously defined by Kentucky statute and written policies, including but not limited to KRS 503.090 *et seq* and the Simpson County Sheriff's Office's policies and the Franklin Police Department's policies regarding the use of firearms/deadly force.

33.     That KRS 503.090 provides that the use of deadly physical force by a defendant upon another person is justifiable … only when: (a) The defendant, in effecting the arrest, is authorized to act as a peace officer; and (b) The arrest is for a felony involving the use or threatened use of physical force likely to cause death or serious physical injury; and (c) The defendant believes that the person to be arrested is likely to endanger human life unless apprehended without delay.

34.     That law enforcement policies require, among other things, that a deputy must not resort to force unless other reasonable alternatives have been exhausted or would clearly be ineffective under the particular circumstances; that a deputy may only draw his firearm when in fear for their own safety or safety of others; that a deputy may only discharge a firearm when he has a reasonable belief doing so is in defense of human life; and, that a deputy may only use the force that is reasonably necessary to bring the incident under control and to protect themselves or others from bodily harm.

35.     These Defendants failed to comply with all applicable laws, regulations, rules, orders and policies and as a direct and proximate result of these failures and breaches of duties Plaintiff, Lloyd Fields, was injured and is therefore entitled to recover his compensatory and punitive damages by virtue of KRS 446.070.

36.     These Defendants, as law enforcement officers, are also liable for battery where, as here, he used more force than is necessary in effecting an otherwise justified arrest. *City of Lexington v. Gray*, 499 S.W.2d 72, 75 (Ky. 1972).

37.     That as a direct and proximate result of the aforementioned conduct, these Defendants are liable for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

<u>**COUNT IV**</u>
<u>**(42 USC §1983 – Failure to Train/Supervise Under the 4th and/or 14th Amendment(s)**</u>
<u>**Against Jere Dee Hopson in his Individual Capacity)**</u>

38.     That the Plaintiffs incorporate herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

39.     That Defendant Simpson County Sheriff Jere Dee Hopson's failure to train and/or supervise his employees/agents to prohibit the use of excessive force against civilians violates the Fourth and/or Fourteenth Amendments.

40.     That Jere Dee Hopson failed to employ qualified persons for positions of authority, to properly or conscientiously train and supervise the conduct of such persons in their employment, to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of civilians, such as Lloyd Fields, to ensure that proper policies and procedures were followed to safeguard the health and safety of civilians, such as Lloyd Fields.

41.     That Jere Dee Hopson is liable in his individual capacity for his actions as he implicitly authorized, approved, and/or knowingly acquiesced to the unconstitutional conduct of his subordinates when he knew or should have known he was unqualified, unfit, and a danger to

himself and others in the community were intentional, were arbitrary actions intentionally designed to punish Lloyd Fields, were objectively unreasonable, were deliberately indifferent, represented a callous disregard for the risk of injury, and were an arbitrary exercise of power that shocks the conscience and/or indicates an intent to injure.

42.     That as a direct and proximate result of the aforementioned conduct, Defendant Simpson County Sheriff Jere Dee Hopson is liable for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT V
### (42 USC §1983 – Failure to Train/Supervise Under the 4th and/or 14th Amendment(s) Against Jere Dee Hopson and Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer in their Official Capacities)

43.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

44.     These Defendants are liable in their official capacities for the actions of their respective law enforcement agencies which included the failure to train and/or supervise their employees/agents to prohibit the use of excessive force against civilians which violates the Fourth and/or Fourteenth Amendments.

45.     These Defendants are liable in their official capacities for the actions of their respective law enforcement agencies as they failed to employ qualified persons for positions of authority, to properly or conscientiously train and supervise the conduct of such persons in their employment, to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of civilians, such as Lloyd Fields, to ensure that proper

policies and procedures were followed to safeguard the health and safety of civilians, such as Lloyd Fields.

46.    These Defendants are liable in their official capacities for the actions of of their respective law enforcement agencies which amounted to deliberate indifference to persons with whom law enforcement come in contact, such as Lloyd Fields.  These Defendants' respective law enforcement agencies failed to appropriately train and/or supervise its employees specifically in regards to the using an appropriate level of force, and was deliberately indifferent and was closely related and/or the actual of cause of Plaintiff Lloyd Fields' injuries.

47.    That as a direct and proximate result of the aforementioned conduct, these Defendants are liable in their official capacities for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT VI
### (*Monell*  Municipal Liability Claim Against Jere Dee Hopson and Wyatt Harper, Brad Harper, Steve Chappell, Seth Stewart, or Unknown Individual Law Enforcement Officer in their Official Capacities)

48.    That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

49.    These Defendants are liable in their official capacities as policymakers for the customs and/or policies of their respective law enforcement agencies which failed to train and/or supervise its employees and agents.

50.    These Defendants are liable in their official capacities as a policymakers for the customs and/or policies of their respective law enforcement agencies which failed to train and/or

supervise its employees and agents and Lloyd Fields' injuries were a patently obvious and highly predictable consequence of inadequate training and/or supervision.

51.     These Defendants did not enforce the use of force policy, did not train or supervise their officers on the use of force policies.  Defendants had actual and/or constructive knowledge of a pattern of similar use of force violations.  By their actions and inactions, these Defendants in their official capacities permitted their deputies to use any amount of force they desired to apprehend suspects, even deadly force, totally without regard to the circumstances.

52.     That as a direct and proximate result of the aforementioned conduct, these Defendants are liable in their official capacities for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

## COUNT VII
### (State Law Negligence/Negligent Hiring/Training/Retention/Supervision Against Jere Dee Hopson in his Individual Capacity)

53.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

54.     That Defendant, Simpson County Sheriff Jere Dee Hopson, is liable in his individual capacity for his negligent and/or grossly negligent failure to enforce the Simpson County Sheriff's Office's written policies and Kentucky laws regarding the use of force and discharge of firearms and otherwise to ensure his subordinates followed such policies and laws.

55.     That Defendant, Simpson County Sheriff Jere Dee Hopson, is liable in his individual capacity for his negligent and/or grossly negligent failure to hire and/or train and/or retain and/or supervise his deputies.  Simpson County Sheriff Jere Dee Hopson should not have

hired and/or retained Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, or Unknown Individual Law Enforcement Officer, should have appropriately trained and/or supervised him as to the appropriate policies and procedures and Kentucky law regarding the use of force and discharge of firearms. Simpson County Sheriff Jere Dee Hopson's failures in these regards were negligent and/or grossly negligent.

56.    That as a direct and proximate result of the aforementioned conduct, Defendant, Simpson County Sheriff Jere Dee Hopson, is liable in his individual capacity for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT VIII
**(State Law Vicarious Liability/KRS 70.040/Jones v. Cross Claims Against Jere Dee Hopson and Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer in their Official Capacities)**

57.    That the Plaintiff incorporate herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

58.    That under KRS 70.040 and *Jones v. Cross*, 260 S.W.3d 343 (Ky. 2008), these Defendants are vicariously liable in their official capacities for the tortious acts and omissions of their subordinates, including Brad Harper, Stephen Burke, Stephen Chappell, Wyatt Harper, Seth Stewart, and Unknown Individual Law Enforcement Officer.

59.    That as a direct and proximate result of the aforementioned conduct, these Defendants are liable in their official capacities for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

## COUNT IX
### (Punitive Damages)

60.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

61.     That pursuant to Kentucky common law and KRS 411.184 the conduct, actions and/or inactions of the Defendants, as described herein, were so grossly reckless and/or negligent and/or wanton and/or oppressive and/or malicious and/or fraudulent so as to entitle the Plaintiff to an award of punitive or exemplary damages in an amount far in excess of that amount required to establish the jurisdiction of this Court in order to deter conduct like this in the future.

WHEREFORE, the Plaintiff respectfully demand relief from the Defendants as follows:

1.     Judgment against the Defendants in an amount calculated to fairly and reasonably compensate Plaintiff for the damages sustained by Lloyd Fields as alleged herein;

2.     Nominal, compensatory, and punitive damages;

3.     Pre-judgment and post-judgment interest;

4.     Their costs herein expended, including a reasonable attorneys' fee;

5.     Trial by jury on any and all issues so triable; and

6.     Any and all other relief to which they may otherwise be properly entitled.


Respectfully Submitted By,

James M. Bolus, Jr.
Brennan J. Soergel
BOLUS LAW OFFICES
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
bo@boluslaw.com
brennan@boluslaw.com

By: /s/ Brennan J. Soergel

# EXHIBIT A









