| | | |
|---|---|---|
| **LLOYD FIELDS** | ) | |
| | ) | |
| *Plaintiff* | ) | **FIRST** |
| **v.** | ) | **AMENDED COMPLAINT** |
| | ) | *"Electronically Filed"* |
| **JERE DEE HOPSON, Simpson County Sheriff,** | ) | |
| **in his Individual and Official Capacities** | ) | |
| <u>**Serve**</u>**: Jere Dee Hopson** | ) | |
| **Simpson County Sheriff's Office** | ) | |
| **P.O. Box 268** | ) | |
| **Franklin, KY 42135--0268** | ) | |
| | ) | |
| **-and-** | ) | |
| | ) | |
| **STEPHEN BURKE, Simpson County Deputy Sheriff** | ) | |
| **in his Individual and Official Capacities** | ) | |
| <u>**Serve**</u>**: Stephen Burke** | ) | |
| **Simpson County Sheriff's Office** | ) | |
| **P.O. Box 268** | ) | |
| **Franklin, KY 42135--0268** | ) | |
| | ) | |
| *Defendants* | ) | |

**\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

Comes now the Plaintiff, Lloyd Fields, by counsel, pursuant to FRCP 15, and for his First Amended Complaint against the Defendants, state and allege as follows:

## <u>JURISDICTION</u>

1.      That this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 over the § 1983 claims pursued herein.

2.      That this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims herein that that are so related to the claim or claims that form the basis

of the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      That venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      That Plaintiff, Lloyd Fields, is, and at all times relevant hereto has been, a citizen and resident of Russellville, Logan County, Kentucky.

5.      That at all times material hereto, Defendant, Jere Dee Hopson, was employed as the Sheriff of Simpson County, Kentucky, whose office and principal place of business is 203 East Kentucky Avenue, Franklin, KY 42134.  Jere Dee Hopson is sued in his individual and official capacities.

6.      That at all times material hereto, Defendant, Stephen Burke, was employed as a Deputy Sheriff in the Simpson County, Kentucky Sheriff's Office, whose office and principal place of business is 203 East Kentucky Avenue, Franklin, KY 42134.  This Defendant is sued in his individual and official capacities.

7.      That at all times material hereto, Defendant, Stephen Burke, was an individual employed as a law enforcement officer and was acting within the course and scope of his employment with his law enforcement agency on February 1, 2022 when he elected to shoot Lloyd Fields in the head. Defendant, Stephen Burke, is sued in his individual and official capacities.

8.      That at all times material hereto, Defendants were acting in the course and scope of their employment as law enforcement officers with their respective law enforcement agencies. Defendants were responsible for the establishment of policies, either formally or by custom, regarding employment, training, retention, supervision and conduct of Defendant, Stephen Burke,

and, additionally, were responsible for the employment, training, retention, supervision and conduct of Defendant, Stephen Burke.

9.     That Defendant, Simpson County Sheriff Jere Dee Hopson, is vicariously liable for the tortious acts and omissions of Stephen Burke pursuant to KRS 70.040 and *Jones v. Cross*, 260 S.W.3d 343 (Ky. 2008).

## FACTS

10.     That Lloyd Fields, a 37-year-old male, was shot in the head by Defendant, Stephen Burke, on February 1, 2022 after the vehicle in which he was a passenger wrecked following a 4-minute police pursuit through Simpson County, Kentucky and into Portland, Tennessee. At the time of the shooting, Lloyd was seated in the passenger seat of a stopped and disabled vehicle with his seatbelt in place and was unarmed.

11.     On February 1, 2022 at approximately 7:34pm, Lloyd Fields was riding in the passenger seat of a 2017 GMC Acadia driven by Halbert Warden and traveling along I-65 North when the vehicle exited the highway on Exit 2 in Simpson County, Kentucky and proceeded north on 31-W.

12.     On February 1, 2022 at approximately 7:34pm, Defendant Stephen Burke along with Seth Stewart were driving in a Dodge Charger marked as part of the South Central Kentucky Drug Task Force when they pulled behind the 2017 GMC Acadia on 31-W and activated their vehicle's emergency lights and sirens to perform a traffic stop. Halbert Warden, the driver of the 2017 GMC Acadia, began fleeing from Defendant Stephen Burke and Seth Stewart.

13.     For the next four minutes, from approximately 7:34pm to 7:38pm, a high-speed pursuit occurred between (1) the 2017 GMC Acadia being driven by Halbert Warden and occupied by Lloyd Fields in the front passenger seat, (2) the Dodge Charger being driven and/or occupied

by Defendant Stephen Burke and Seth Stewart, and (3) a third vehicle driven by Simpson County Deputy Sheriff Brad Harper and/or Wyatt Harper. The vehicles involved in the pursuit traveled southbound on 31-W towards the Kentucky and Tennessee border.

14.     At approximately 7:38pm, the 2017 GMC Acadia crashed off Payne Road in Portland, Tennessee with the passenger side door wedged against a grain silo. The 2017 GMC Acadia was disabled with multiple law enforcement vehicles surrounding it with lights and sirens activated. Attached hereto as Exhibit A are photographs taken by news outlets the night of February 1, 2022 depicting the scene of the accident.

      a.     At this time, at approximately 7:38pm, it was dark outside and the front-passenger and front-driver windows of the 2017 GMC Acadia were rowed up with dark window tint and deployed side airbags which obstructed the view through the windows.

      b.     At this time, immediately after the wreck at approximately 7:38pm, multiple law enforcement officers approached the vehicle while pointing flash lights at Lloyd Fields and Halbert Warden and screaming commands to show their hands.

      c.     At this time, Lloyd Fields remained seated in the passenger seat of the disabled 2017 GMC Acadia with his seatbelt in place.

      d.      At this time, Lloyd Fields complied with the law enforcement officers commands to show his hands by slowly moving his hands towards the front window of the vehicle while advising law enforcement that he was complying with commands to have his hands up.

      f.     Thereafter, Defendant, Stephen Burke, fired a single shot which traveled through the driver-side window and struck Lloyd Fields in the left side of his head.

15.     Defendant, Stephen Burke, after shooting Lloyd Fields in the head in the darkness of night through the dark-tinted driver-side window obstructed by an airbag, physically removed Lloyd Fields from the vehicle.  Lloyd Fields asked why he was shot, and either Defendant Stephen Burke or another law enforcement officer on the scene responded that he could not see Lloyd Field's hands.   That Lloyd Fields had no weapons on his person or inside the vehicle.

16.     At approximately 7:57pm, dispatch was advised that "bleeding from left side of head, round fire by police. Providing first aide. No TN law enforcement units and medics on scene. Controlling bleeding at this time. U/SC106."

17.     At approximately 8:15pm, EMS arrived on scene and transported Lloyd Fields to Tristar Skyline Hospital in Nashville, Tennessee where he underwent multiple surgeries during an extended battle with life and death.  Miraculously, Lloyd Fields survived the shooting.  Lloyd Fields is now permanently disfigured from the shooting, has and will continue to experience significant pain, and faces a horizon that includes lifelong medical treatment.

18.     Defendant, Stephen Burke's, actions and inactions, including but not limited to shooting Lloyd Fields in the head, were intentional, were arbitrary actions intentionally designed to punish Lloyd Fields, were negligent and grossly negligent, were objectively unreasonable, were deliberately indifferent, represented a callous disregard for the risk of injury, and were an arbitrary exercise of power that shocks the conscience and/or indicates an intent to injure.  Defendant, Stephen Burke, should not have been in his position as a law enforcement officer where he could come into contact with civilians such as Lloyd Fields.

19.     Sheriff Jere Dee Hopson's actions and inactions, including but not limited to failing to enforce the Simpson County Sheriff Department's written policies regarding the use of force/firearms, failing to follow the written policies regards the use of force/firearms, customs,

practices, and Kentucky law regarding the same, failing to train his deputies, including Defendant, Stephen Burke, about the written use of force policy and firearms policy, failing to monitor his deputies, and keeping Defendant, Stephen Burke, as a deputy when he knew or should have known he was unqualified, unfit, and a danger to himself and others in the community were intentional, were arbitrary actions intentionally designed to punish Lloyd Fields, were objectively unreasonable, were deliberately indifferent, negligent and grossly negligent, represented a callous disregard for the risk of injury, and were an arbitrary exercise of power that shocks the conscience and/or indicates an intent to injure.

**COUNT I**
**(42 USC §1983 – Excessive Force Under the 4th Amendment against Stephen Burke, in his Individual Capacity**

20. That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

21. Defendant, Stephen Burke, was acting under color of state law in engaging in the conduct described herein, and the conduct amounts to the unconstitutional deprivation of Lloyd Field's constitutional rights to be free from unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution.

22. Plaintiff, Lloyd Fields, posed no immediate threat of serious physical harm or death to the officers or others, and was not actively resisting arrest or attempting to evade arrest by flight.

23. Defendant, Stephen Burke's, conduct in firing a bullet in the head of a non-threatening, seated, and unarmed civilian under the circumstances described above violated the Fourth Amendment. This Defendant is liable in his individual capacity for his conduct and use of unnecessary and unwarranted deadly force upon Lloyd Fields that was objectively unreasonable,

was intentional, reckless, deliberate, deliberately indifferent, wanton and/or malicious, and was indicative of his total and reckless disregard of and indifference toward the life of Lloyd Fields.

24.     That as a direct and proximate result of the aforementioned conduct, Defendant, Stephen Burke, is liable for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

**COUNT II**
**(42 USC §1983 – Substantive Due Process Under the 14th Amendment against Stephen Burke in his Individual Capacity**

25.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

26.     Defendant, Stephen Burke, was acting under color of state law in engaging in the conduct described herein, and his conduct amounts to the unconstitutional deprivation of Lloyd Fields' constitutional rights to not be deprived of his life and liberty without due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

27.     Defendant, Stephen Burke's, conduct in firing a bullet in the head of a non-threatening, seated, and unarmed civilian under the circumstances described above violated the 14th Amendment substantive due process provision. Defendant, Stephen Burke, intended to worsen Lloyd Fields' plight, had a purpose to cause harm unrelated to any law enforcement purposes, and intended to punish Lloyd Fields. Defendant, Stephen Burke's, conduct was arbitrary in the constitutional sense, was conscience shocking, and exhibited a callous disregard for the risk of injury to the point that it indicated an intent to injure.

28.     That as a direct and proximate result of the aforementioned conduct, Defendant, Stephen Burke, is liable for all damages sustained by Plaintiffs including nominal damages,

medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT III
**(State Law Negligence/Negligence Per Se/Gross Negligence/KRS 446.070/Battery against Stephen Burke in his Individual and Official Capacities)**

29.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

30.     That pursuant to existing Kentucky common law including, but not limited to, *Destock v. Logsdon*, Ky., 993 S.W.2d 952 (1999), and *Grayson Fraternal Order of Eagles v Claywell*, Ky. 736 S.W.2d 328 (1987) *"the rule is that every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury"* and *"this is an old rule, and a good one."* Defendant, Stephen Burke, breached his duties to Lloyd Fields, as described throughout this Complaint, by firing a bullet in the head of a non-threatening, seated, and unarmed civilian under the circumstances described above.

31.     Defendant, Stephen Burke's, duties were specifically and unambiguously defined by Kentucky statute and written policies, including but not limited to KRS 503.090 *et seq* and the law enforcement agency's policies regarding the use of firearms/deadly force.

32.     That KRS 503.090 provides that the use of deadly physical force by a defendant upon another person is justifiable … only when: (a) The defendant, in effecting the arrest, is authorized to act as a peace officer; and (b) The arrest is for a felony involving the use or threatened use of physical force likely to cause death or serious physical injury; and (c) The defendant believes that the person to be arrested is likely to endanger human life unless apprehended without delay.

33.     That law enforcement policies require, among other things, that a deputy must not resort to force unless other reasonable alternatives have been exhausted or would clearly be

ineffective under the particular circumstances; that a deputy may only draw his firearm when in fear for their own safety or safety of others; that a deputy may only discharge a firearm when he has a reasonable belief doing so is in defense of human life; and, that a deputy may only use the force that is reasonably necessary to bring the incident under control and to protect themselves or others from bodily harm.

34.     Defendant, Stephen Burke, failed to comply with all applicable laws, regulations, rules, orders and policies and as a direct and proximate result of these failures and breaches of duties Plaintiff, Lloyd Fields, was injured and is therefore entitled to recover his compensatory and punitive damages by virtue of KRS 446.070.

35.     Defendant, Stephen Burke, as a law enforcement officer, is also liable for battery where, as here, he used more force than is necessary in effecting an otherwise justified arrest. *City of Lexington v. Gray*, 499 S.W.2d 72, 75 (Ky. 1972).

36.     That as a direct and proximate result of the aforementioned conduct, Defendant, Stephen Burke, is liable for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT IV
### (42 USC §1983 – Failure to Train/Supervise Under the 4th and/or 14th Amendment(s) Against Jere Dee Hopson in his Individual Capacity)

37.     That the Plaintiffs incorporate herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

38.     That Defendant Simpson County Sheriff Jere Dee Hopson's failure to train and/or supervise his employees/agents to prohibit the use of excessive force against civilians violates the Fourth and/or Fourteenth Amendments.

39.     That Jere Dee Hopson failed to employ qualified persons for positions of authority, to properly or conscientiously train and supervise the conduct of such persons in their employment, to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of civilians, such as Lloyd Fields, to ensure that proper policies and procedures were followed to safeguard the health and safety of civilians, such as Lloyd Fields.

40.     That Jere Dee Hopson is liable in his individual capacity for his actions as he implicitly authorized, approved, and/or knowingly acquiesced to the unconstitutional conduct of his subordinates when he knew or should have known he was unqualified, unfit, and a danger to himself and others in the community were intentional, were arbitrary actions intentionally designed to punish Lloyd Fields, were objectively unreasonable, were deliberately indifferent, represented a callous disregard for the risk of injury, and were an arbitrary exercise of power that shocks the conscience and/or indicates an intent to injure.

41.     That as a direct and proximate result of the aforementioned conduct, Defendant Simpson County Sheriff Jere Dee Hopson is liable for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT V
### (42 USC §1983 – Failure to Train/Supervise Under the 4th and/or 14th Amendment(s) Against Jere Dee Hopson and Stephen Burke in their Official Capacities)

42.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

43.     These Defendants are liable in their official capacities for the actions of their respective law enforcement agencies which included the failure to train and/or supervise their

employees/agents to prohibit the use of excessive force against civilians which violates the Fourth and/or Fourteenth Amendments.

44.     These Defendants are liable in their official capacities for the actions of their respective law enforcement agencies as they failed to employ qualified persons for positions of authority, to properly or conscientiously train and supervise the conduct of such persons in their employment, to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of civilians, such as Lloyd Fields, to ensure that proper policies and procedures were followed to safeguard the health and safety of civilians, such as Lloyd Fields.

45.     These Defendants are liable in their official capacities for the actions of their respective law enforcement agencies which amounted to deliberate indifference to persons with whom law enforcement come in contact, such as Lloyd Fields.  These Defendants' respective law enforcement agencies failed to appropriately train and/or supervise its employees specifically in regards to the using an appropriate level of force, and was deliberately indifferent and was closely related and/or the actual of cause of Plaintiff Lloyd Fields' injuries.

46.     That as a direct and proximate result of the aforementioned conduct, these Defendants are liable in their official capacities for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

## COUNT VI
### (*Monell*  Municipal Liability Claim Against Jere Dee Hopson and Stephen Burke in their Official Capacities)

47. That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

48. These Defendants are liable in their official capacities as policymakers for the customs and/or policies of their respective law enforcement agencies which failed to train and/or supervise its employees and agents.

49. These Defendants are liable in their official capacities as a policymakers for the customs and/or policies of their respective law enforcement agencies which failed to train and/or supervise its employees and agents and Lloyd Fields' injuries were a patently obvious and highly predictable consequence of inadequate training and/or supervision.

50. These Defendants did not enforce the use of force policy, did not train or supervise their officers on the use of force policies. Defendants had actual and/or constructive knowledge of a pattern of similar use of force violations. By their actions and inactions, these Defendants in their official capacities permitted their deputies to use any amount of force they desired to apprehend suspects, even deadly force, totally without regard to the circumstances.

51. That as a direct and proximate result of the aforementioned conduct, these Defendants are liable in their official capacities for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

## COUNT VII
### (State Law Negligence/Negligent Hiring/Training/Retention/Supervision Against Jere Dee Hopson in his Individual Capacity)

52. That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

53.     That Defendant, Simpson County Sheriff Jere Dee Hopson, is liable in his individual capacity for his negligent and/or grossly negligent failure to enforce the Simpson County Sheriff's Office's written policies and Kentucky laws regarding the use of force and discharge of firearms and otherwise to ensure his subordinates followed such policies and laws.

54.     That Defendant, Simpson County Sheriff Jere Dee Hopson, is liable in his individual capacity for his negligent and/or grossly negligent failure to hire and/or train and/or retain and/or supervise his deputies.  Simpson County Sheriff Jere Dee Hopson should not have hired and/or retained Defendant, Stephen Burke, should have appropriately trained and/or supervised him as to the appropriate policies and procedures and Kentucky law regarding the use of force and discharge of firearms.  Simpson County Sheriff Jere Dee Hopson's failures in these regards were negligent and/or grossly negligent.

55.     That as a direct and proximate result of the aforementioned conduct, Defendant, Simpson County Sheriff Jere Dee Hopson, is liable in his individual capacity for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

### COUNT VIII
### (State Law Vicarious Liability/KRS 70.040/Jones v. Cross Claims Against Jere Dee Hopson and Stephen Burke in their Official Capacities)

56.     That the Plaintiff incorporate herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

57.     That under KRS 70.040 and *Jones v. Cross*, 260 S.W.3d 343 (Ky. 2008), these Defendants are vicariously liable in their official capacities for the tortious acts and omissions of their subordinates, including Defendant, Stephen Burke.

58.     That as a direct and proximate result of the aforementioned conduct, these Defendants are liable in their official capacities for all damages sustained by Plaintiff including nominal damages, medical expenses, lost wages, destruction of earning capacity, physical and mental pain and suffering, and punitive damages all in excess of the jurisdictional limits of this Court.

## COUNT IX
### (Punitive Damages)

59.     That the Plaintiff incorporates herein by reference the allegations contained in the preceding and subsequent paragraphs as if set fort fully herein.

60.     That pursuant to Kentucky common law and KRS 411.184 the conduct, actions and/or inactions of the Defendants, as described herein, were so grossly reckless and/or negligent and/or wanton and/or oppressive and/or malicious and/or fraudulent so as to entitle the Plaintiff to an award of punitive or exemplary damages in an amount far in excess of that amount required to establish the jurisdiction of this Court in order to deter conduct like this in the future.

WHEREFORE, the Plaintiff respectfully demand relief from the Defendants as follows:

1.      Judgment against the Defendants in an amount calculated to fairly and reasonably compensate Plaintiff for the damages sustained by Lloyd Fields as alleged herein;

2.      Nominal, compensatory, and punitive damages;

3.      Pre-judgment and post-judgment interest;

4.      Their costs herein expended, including a reasonable attorneys' fee;

5.      Trial by jury on any and all issues so triable; and

6.      Any and all other relief to which they may otherwise be properly entitled.

Respectfully Submitted By,

James M. Bolus, Jr.
Brennan J. Soergel
BOLUS LAW OFFICES
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
bo@boluslaw.com
brennan@boluslaw.com

By: /s/ Brennan J. Soergel

# EXHIBIT A



**Winter Weather Advisory**
until Fri 6:00 am

**SIMPSON CO. DEPUTY INVOLVED IN SHOOTING**
PORTLAND, TENNESSEE

NEWS
40


Winter Weather Advisory
until Fri 6:00 am



**SIMPSON CO. DEPUTY INVOLVED IN SHOOTING**
PORTLAND, TENNESSEE

Winter Weather Advisory
until Fri 6:00 am

NEWS 40

UED FOR ADAIR COUNTY, ALLEN COUNTY, BARREN COUNTY, CUMBERLAND COUNTY, METCALFE COUNTY, MONROE C
CAVERNA INDEPENDE



**SIMPSON CO. DEPUTY INVOLVED IN SHOOTING**
PORTLAND, TENNESSEE

Winter Weather Advisory
until Fri 6:00 am

NEWS 40

