UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00015-GNS

LLOYD FIELDS                                                                          PLAINTIFF

v.

JERE DEE HOPSON; and
STEPHEN BURKE                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Partial Motion to Dismiss (DN 7).  The

motion is ripe for adjudication.  For the reasons stated below, the motion is **GRANTED IN PART**

and **DENIED IN PART**.

I.        **STATEMENT OF FACTS AND CLAIMS**

On February 1, 2022, Plaintiff Lloyd Fields ("Fields") was a passenger in a vehicle driving

north on 31-W in Simpson County, Kentucky, when Defendant Deputy Stephen Burke ("Burke")

attempted to conduct a traffic stop.  (Am. Compl. ¶¶ 6, 11-12, DN 4).  The vehicle's driver, Halbert

Warden ("Warden"), fled, resulting in a four-minute high-speed chase into Tennessee, where the

vehicle crashed into a grain silo.  (Am. Compl. ¶¶ 11-14).  Multiple police cars surrounded the

vehicle, and officers approached and ordered Fields and Warden to raise their hands.  (Am. Compl.

¶ 14).  Fields complied, but Burke shot into the vehicle, hitting Fields on the left side of his head.

(Am. Compl. ¶ 14).  Fields survived but allegedly suffered permanent disfigurement and pain, and

will require continued medical treatment.  (Am. Compl. ¶ 14).  Fields sued Burke and Simpson

County Sheriff Jere Dee Hopson ("Hopson") (jointly "Defendants")[1] in their individual and official capacities for violating his civil rights.  (See Am. Compl. ¶¶ 20-60).  He asserts nine counts, including various 42 U.S.C. § 1983 and Kentucky law claims, including excessive force, failure to train and supervise, and negligent hiring, retention, training, and supervision.  (*See* Am. Compl. ¶¶ 20-60).  Defendants move to dismiss Counts II-IX.

## II.  **JURISDICTION**

The Court exercises subject matter jurisdiction over this action through federal question jurisdiction and supplemental jurisdiction over the state law claims.  28 U.S.C. §§ 1331, 1367(a).

## III.  **STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While all the factual allegations of the complaint are accepted as true, 'we need not accept as true legal conclusions or unwarranted factual inferences.'"  *Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the

---

[1] Fields initially also sued Simpson County Deputy Sheriffs Brad Harper, Stephen Chappell, and Wyatt Harper; Unknown Individual Law Enforcement Officer; and Franklin Detective Seth Stewart.  (Compl. ¶¶ 5-8, DN 1).  Fields' Amended Complaint only lists Burke and Hopson, so the others have been terminated from the case.  (Am. Compl. ¶¶ 5-6).

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 570 (citation omitted).

## IV.    DISCUSSION

### A.    Count II

Fields alleges in Count II that Burke's actions violated his Fourteenth Amendment substantive due process rights. (Am. Compl. ¶¶ 25-28). Defendants assert that Count II should be dismissed because Fields was a free person when Burke allegedly violated his rights, so the Fourth Amendment applies and not the Fourteenth. (Defs.' Mem. Supp. Partial Mot. Dismiss 5, DN 7-1 [hereinafter Defs.' Mem.]). Fields concedes this argument and agrees that Count II should be dismissed because only the Fourth Amendment applies. (Pl.'s Resp. Defs.' Partial Mot. Dismiss 3-4, DN 8 [hereinafter Pl.'s Resp.]). Accordingly, Count II is dismissed.

### B.    Count III

Count III contains state law claims for negligence and battery against Burke in his individual and official capacities. (Am. Compl. ¶¶ 29-36). Defendants argue that these claims against Burke in his official capacity are against the government and thus should be dismissed because the state is entitled to sovereign immunity. (Defs.' Mem. 5-6). As Fields points out and Defendants concede, however, KRS 70.040 waives sovereign immunity for tort claims. (Pl.'s Resp. 4-5; Defs.' Reply Partial Mot. Dismiss 2, DN 9 [hereinafter Defs.' Reply]); *Harlan Cnty. v. Browning*, No. 2012-CA-000148-MR, 2013 WL 657880, at *3 (Ky. App. Feb. 22, 2013) (explaining that KRS 70.040 waives sovereign immunity for both sheriffs and deputies). Defendants reply that Count III should be dismissed regardless because it is duplicative of Count

3

XIII, a vicarious liability claim against Hopson and Burke in their official capacities. (Defs.' Reply 2). Official capacity claims are duplicative of claims against a governmental entity when the entity is also a named party in the case. *Scott v. Louisville/Jefferson Cnty. Metro Gov't*, 503 F. Supp. 3d 532, 541 (W.D. Ky. 2020) ("[T]his Court 'finds that dismissal of official-capacity claims is permitted and judicious when the reasonable entity is also named as a defendant in the case.'" (citing *Castleberry v. Cuyahoga Cnty.*, No. 1:20 CV 218, 2020 WL 3259250, at *2 (N.D. Ohio June 16, 2020))). Simpson County is not a named party to this action, however, so Count III will not be dismissed.[2]

### C.  <u>Count IV</u>

In Count IV, Fields asserts a Section 1983 failure to train and supervise claim against Hopson in his individual capacity. (Am. Compl. ¶¶ 37-41). Defendants argue that this claim should be dismissed for failure to state a claim because the Amended Complaint does not include any factual allegations that Hopson authorized Burke's conduct. (Defs.' Mem. 7). Indeed, to state a failure to train or supervise claim against a person in their individual capacity, Fields must allege sufficient facts to show that Hopson "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Coley v. Lucas Cnty.*, 799 F.3d 530, 542 (6th Cir. 2015) (emphasis omitted) (quoting *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995)).

Fields' Amended Complaint contains only "a formulaic recitation" of the elements of failure to train or supervise. *Twombly*, 550 U.S. at 570. It states that Hopson "implicitly authorized, approved, and/or knowingly acquiesced to the unconstitutional conduct of his

---

[2] Defendants argue that Count VIII should also be dismissed as duplicative of Count III, but that argument fails for the same reason. (*See* Defs.' Reply 2).

subordinates," but the only factual support for that assertion is that Hopson failed to train his deputies about appropriate firearm use, which is insufficient. (Am. Compl. ¶¶ 19, 40); *Harper v. Conrad*, No. 3:14-CV-P523-H, 2014 WL 5100625, at *5 (W.D. Ky. Oct. 10, 2014) (dismissing a failure to train claim for failure to state a claim where the plaintiff had only alleged that the defendant failed to train his officers on how to handle suspects who are mentally ill). Fields also alleges that Hopson "knew or should have known [Burke] was unqualified, unfit and a danger to himself and others in the community[,]" which is a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alteration, and citation omitted).

Fields contends that his Amended Complaint sufficiently pleads failure to train because it makes allegations similar to those in *Coley*, 799 F.3d at 542. (Pl.'s Resp. 6-7). There, the Sixth Circuit held that the plaintiffs sufficiently pled failure to train because they alleged that the defendant failed to train regarding the proper use of force and chokeholds specifically, that the defendant knew about the assault on the plaintiff, and that the defendant lied to federal officials to conceal his officers' misconduct. *Id.* Those allegations were sufficient "insofar as they [showed] [] that [the defendant sheriff] 'at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate' when he helped [the defendant officers] to cover up their unconstitutional actions." *Id.* (quoting *Taylor*, 69 F.3d at 81). Fields' Amended Complaint does not contain similar allegations. Fields alleges that Hopson concealed Burke's identity for the first time in his response, but the Court may not consider these new allegations. (*See* Am. Compl.; Pl.'s Resp. 7); *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("The court may not . . . take into account additional facts asserted in a memorandum

opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." (citation omitted)).  Accordingly, Count IV is dismissed.[3]

### D.   Counts V and VI

Count V alleges a Section 1983 failure to train and supervise claim against Hopson and Burke in their official capacities, and Count VI asserts municipal liability claims against Hopson and Burke in their official capacities "as policymakers for the customs and/or policies of their respective law enforcement agencies which failed to train and/or supervise its employees and agents." (Am. Compl. ¶¶ 42-51).  Defendants argue that both fail to state a claim because Fields does not include any factual allegations to connect the allegedly violative conduct to official municipal policy or custom. (Defs.' Mem. 8-12).

"An official-capacity claim against a person is essentially a claim against the municipality." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citation omitted). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor[,]" so a municipal liability claim requires proof that "a government's policy or custom . . . inflicts the injury that the government as an entity is responsible [for] under § 1983." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691, 694 (1978). A plaintiff achieves this by "showing that the municipality had a 'policy or custom' that caused the violation of his rights." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (citing *Monell*, 436 U.S. at 694). A plaintiff may do so by proving "the existence of a policy of inadequate training or supervision . . . ." *Id.* (quoting *Burgess v.*

---

[3] Defendants also argue that Count IV should be dismissed because they are entitled to qualified immunity. (Defs.' Mem. 6).  Because Count IV should be dismissed for failure to state a claim, the Court need not address qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)).

*Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).  A *Monell* claim based on failure to train or supervise requires proof that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury."  *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citation omitted).

The Amended Complaint does not include any facts to support the claims that the training or supervision was inadequate; rather, Fields alleges only that " [t]hese Defendants' respective law enforcement agencies failed to appropriately train and/or supervise its employees . . . [about] level of force" and "did not train or supervise their officers on the use of force policies[,]" which are legal conclusions.  (Am. Compl. ¶¶ 45, 50); *see Twombly*, 550 U.S. at 570; *see City of Canton v. Harris*, 489 U.S. 378, 390, (1989) ("[T]he focus must be on adequacy of the training program in relation to the tasks the particular officers must perform."); *Davis v. Chorak*, 624 F. Supp. 3d 870, 882 (W.D. Mich. 2022), *aff'd,* No. 22-1839, 2023 WL 2487339 (6th Cir. Mar. 14, 2023) (dismissing failure to train claim in part because alleging that the municipality failed to train officers on classifying inmates was a legal conclusion); *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 499-500 (W.D. Ky. 2021) (dismissing failure to train claim in part because alleging that the municipality failed to train officers on obtaining and executing search warrants was a legal conclusion).

Fields likewise fails to plead facts to support that defendants were deliberately indifferent, which requires proof of:  (1) a pattern of similar constitutional violations; or (2) a single violation caused by a need for training that was so obvious that failing to provide it constitutes deliberate indifference.  *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022) (citations omitted).  Fields alleges that "Defendants had actual and/or constructive knowledge of a pattern of similar use of

force violations" and that his injuries "were a patently obvious and highly predictable consequence of inadequate training and/or supervision[,]" but these are "[t]hreadbare recitals of the elements . . . supported by mere conclusory statements . . . ."  (Am. Compl. ¶¶ 45, 49-50); *Ashcroft*, 556 U.S. at 678 (citation omitted); *see Davis*, 624 F. Supp. 3d at 882 (dismissing failure to train claim in part because the plaintiff failed to include any facts about a pattern of similar constitutional violations); *Sistrunk*, 545 F. Supp. 3d at 500 (same); *Gambrel*, 25 F.4th at 410 (holding that allegations that officers beat and shot the plaintiff for no reason do not support a single violation theory of deliberate indifference because the need for training to avoid "wanton violence" is not obvious).  Accordingly, Counts V and VI are dismissed.

### E.   <u>Count VII</u>

In Count VII, Fields asserts negligent hiring and retention and negligent training and supervision claims under Kentucky law against Hopson in his individual capacity.  (Am. Compl. ¶¶ 52-55).  Defendants argue that Count VII should be dismissed for failure to state a claim because Fields did not allege any facts to illustrate that Hopson knew or should have known that Burke presented a risk of harm to Fields or the community.  (Defs.' Mem. 13).  Under Kentucky law, negligent hiring and retention and negligent training and supervision are separate torts with different elements, but they each require proof that the employer knew or should have known of the risk the employee created.  *See Ritchie v. Turner*, 559 S.W.3d 822, 842 (Ky. 2018) (To prevail on a negligent hiring and retention claim, "the plaintiff must prove (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." (citation omitted)); *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) (In negligent supervision cases, "the plaintiff must allege that the defendant

knew or had reason to know of the employee's harmful propensities; that the employee injured the plaintiff; and that the hiring, supervision, or retention of such an employee proximately caused the plaintiff's injuries."  (citation omitted)); *see Rankin v. Jefferson Special Police, Inc.*, No. 2011-CA-001209-MR, 2013 WL 5312504, at *3 (Ky. App. Sept. 20, 2013) (applying the *Grand Aerie* elements to a negligent training claim).

Fields plainly fails to allege any facts to support the claims that Hopson negligently hired, retained, trained, or supervised Burke.  (*See* Am. Compl. ¶¶ 10-19, 52-55).  The Amended Complaint states that "Hopson should not have hired and/or retained Defendant" and "should have appropriately trained and/or supervised him."  (Am. Compl. ¶ 55).  Fields alleges that "Burke[] should not have been in his position as a law enforcement officer" and that Hopson "knew or should have known he was unqualified, unfit, and a danger to himself and others in the community[,]" but he includes no facts to support those conclusions, such as why Burke was unqualified or why Hopson should have known of these alleged deficiencies.  (*See* Am. Compl. ¶¶ 10-19, 52-55); *see Warner v. Bob Evans Farms, Inc.*, No. 5:09-CV-63-KKC, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010) (dismissing a negligent hiring and retention claim where the plaintiff alleged that the defendant "knew or reasonably should have known that its employees were likely to cause tortious and other injuries" without explaining how the defendant was negligent); *Seemann v. Copeland*, No. 5:20-CV-00027-TBR, 2020 WL 6434852, at *4 (W.D. Ky. Nov. 2, 2020) (dismissing a plaintiff's claims for negligent hiring, retention, supervision, and training because the plaintiff did not allege any specific facts to support the claims).  Accordingly, Count VII will be dismissed.

F.     **Count VIII**

County VIII asserts claims for vicarious liability under KRS 70.040 against Hopson and Burke in their official capacities.  (Am. Compl. ¶¶ 56-58).  Defendants argue that the claim against Burke should be dismissed because KRS 70.040 only applies to sheriffs.  (Defs.' Mem. 14).  Fields responds that because the claim against Burke in his official capacity is a claim against his employer, dismissal is inappropriate because discovery will reveal whether Burke was employed by the Simpson County Sheriff's Department or a separate taskforce.  (Pl.'s Resp. 10).  Defendants do not respond to this argument, which will be considered waived, and Defendants' motion to dismiss this claim will be denied.  (*See* Defs.' Reply 6-8); *see Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (a party waives opposition to an argument by failing to respond).

G.     **Count IX**

Finally, Fields includes Count IX in his Amended Complaint seeking punitive damages which Defendants argue should be dismissed because it is not a cause of action and because punitive damages are not available against Defendants in their official capacities.  (Am. Compl. ¶¶ 59-60; Defs.' Mem. 14-15).  True, "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action," and punitive damages are not available against municipalities.  *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012) (citation omitted); *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Accordingly, to the extent that punitive damages is asserted as a separate cause of action, it is dismissed, but Fields may continue to pursue this remedy against Defendants in their individual capacities.  *See Blair v. Johnson & Johnson*, No. 3:19-CV-333-DJH-RSE, 2020 WL 1172715, at *7 (W.D. Ky. Mar. 11, 2020).

## V.    <u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (DN 7) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge

United States District Court

January 4, 2024

cc:    counsel of record